IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DR. KEENAN K. COFIELD, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. GLR-14-3976 |
| THE-CITY OF BALTIMORE, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Pending before the Court are Defendants', Baltimore Police Commissioner Anthony Batts and City of Baltimore Maryland Police Department (the "BPD"), Motion to Dismiss or, Alternatively, Motion for Summary Judgment (ECF No. 28); Defendant's, Officer Anthony Brown, Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 48); and Defendants', City of Baltimore, City Board of Estimates, Baltimore City Mayor Stephanie Rawlings-Blake, and Baltimore City Council and its members (collectively, the "City Defendants"), Motion to Reconsider the Court's Order Denying their Motion to Dismiss (ECF No. 58).[1]

Plaintiff, Keenan Cofield, filed this action in the Circuit Court for Baltimore City, Maryland, on October 23, 2014. (See ECF No. 2). The Complaint, as amended, alleges false arrest/false imprisonment, excessive use of force, assault, battery, negligence, and unlawful detention (Count I); Failure to Train and/or Properly Train and Supervise (Count II); Malicious Prosecution (Counts III & IV); and

[1] Simultaneously with the drafting of this Opinion, Officer Anthony Brown filed a Motion for Sanctions. (ECF No. 88). Because Brown's Motion to Dismiss will be granted and the case will be closed, Brown's Motion for Sanctions (ECF No. 88) will be denied as moot.

Denial of Medical Care in Violation of the Eighth and Fourteenth Amendment (Count V). (See Am. Compl., ECF No. 7). Cofield, acting pro se, has filed a series of motions confusing the procedural posture of this case including: a Motion to Strike (ECF No. 52); Motion to Strike the Clerk's Rule 12/56 Letter (ECF No. 54); Motion for Summary Judgment (ECF No. 56); Motion to Vacate and/or Set Aside Order Dated February 12, 2015 (ECF No. 59); Motion for Judgment on the Pleadings (ECF No. 62); Motion to Add Defendants (ECF No. 70); Motion for Leave to File Amended/Supplemental Complaint (ECF No. 72); Motion for Remand (ECF No. 76); Motion for Summary Judgment (ECF No. 78); Motion for Judgment on the Pleadings (ECF No. 81); and Motion for Judgment on the Pleadings (ECF No. 86).

Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, Cofield's Motions will be denied and the Defendants' Motions will be granted.

## I. BACKGROUND

### A. Factual Background

On April 7, 2009, Officer Brown arrested Cofield at his home in Baltimore County, Maryland, pursuant to an arrest warrant. During the arrest, Officer Brown handcuffed Cofield behind his back and allegedly caused injury to Cofield's shoulder, back, neck, arm, and face. Cofield allegedly complained of his injuries, but was ignored. Moreover, Officer Brown allegedly refused to allow Cofield to use the restroom for four to six hours, causing Cofield to urinate on himself.

## I. Discussion

### A. Procedural Posture

Preliminarily, Cofield has filed a number of motions seeking to prohibit the City Defendants and Brown from filing pleadings with this Court on the basis that the Court is without jurisdiction over these Defendants because they failed to file independent Notices of Removal in the Circuit Court for Baltimore City. The City Defendants, along with Commissioner Batts and the BPD, were served with a copy of the Summons and initial Complaint on November 20, 2014. Pursuant to 28 U.S.C. § 1446 (2012), Commissioner Batts and the BPD removed the action to this Court on December 19, 2014, predicated upon the Court's original jurisdiction over this case under 28 U.S.C. § 1331. (See Notice of Removal, ECF No. 1). Commissioner Batts and the BPD represented unambiguously that the other Defendants consented to the removal. (See Notice of Removal ¶ 2); (see also, Def.'s Joint Statement Concerning Removal ¶ 5, ECF No. 29). "[A] notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal." Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735, 742 (4th Cir. 2013), cert. denied, 134 S.Ct. 901 (2014). Accordingly, Cofield's Motion to Strike (ECF No. 52), Motion to Strike the Clerk's Rule 12/56 Letter (ECF No. 54), and Motion for Remand (ECF

No. 76) will be denied.

Further, Cofield argues Officer Brown failed to Answer or timely consent to removal in this case. In support of his contention that Officer Brown was properly served, Cofield has filed an executed summons indicating that Brown was served at 12:20 pm on November 20, 2014 at 100 N. Holliday Street. (See Summonses 13-14, ECF No. 6); (see also Mot. Summ. J. Exs. A-B, ECF No. 56-1).

Federal Rule of Civil Procedure 4(e)(1) provides, in pertinent part, that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Maryland Rule 2-121(a), in turn, provides:

> Service of process may be made . . . (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

Md. Rules 2-121(a) (West 2015). Thus, to date, neither Officer Brown, nor any person with the legal authority to accept service on his behalf, have been properly served. Officer Brown was first informed of the existence of this matter through counsel on January 23, 2014. (See Def. Brown's Removal Statement ¶ g, ECF No. 47). On February 10, 2015, within 30 days of the acceptance of service by counsel on his

behalf, Officer Brown contemporaneously filed his Motion to Dismiss and consented to removal. (See Brown's Removal Statement); (see also Mot. to Dismiss, ECF No. 48). Accordingly, Cofield's Motion for Summary Judgment (ECF No. 56) will be denied.

Further, Cofield has filed a number of motions seeking judgment in his favor on the basis that Defendants have failed to answer or otherwise defend. First, the City Defendants along with the BPD and Commissioner Batts were served on November 20, 2014. Generally, Maryland Rule 2-321(a) requires a party to file a responsive pleading within thirty days after being served. See Md. Rules 2-121(a) (West 2015). On December 19, 2014, within thirty days of being served, the City Defendants filed a Motion to Dismiss (ECF No. 9), which was pending disposition before this matter was removed to federal court. Thus, the City Defendants have not failed to plead or otherwise defend this matter.

Second, Cofield has provided an inmate number and has represented his address as the Eastern Correctional Institution. Pursuant to Standing Order 2012-01, In Re: State Prisoner Litigation, the BPD and Commissioner Batts's responses are due no later than sixty days after the date on which counsel first received a copy of the Complaint. On January 20, 2015, within sixty days of being served, the BPD and Commissioner Batts filed a Motion to Dismiss. (ECF No. 28). Thus, the BPD and Commissioner Batts have not failed to plead or otherwise defend. Finally, as discussed above, Officer Brown also timely filed his Motion to Dismiss. Accordingly, Cofield's Motion for Summary

Judgment (ECF No. 78) and Motions for Judgment on the Pleadings (ECF Nos. 62, 81 & 86)[2] will be denied.

For all of the reasons set forth above with respect to the procedural posture of this case, Cofield's Motion to Vacate and/or Set Aside Order Dated February 12, 2015 will be denied.[3] Additionally, on March 24, 2015, Cofield filed a Motion for Leave to File Amended/Supplemental Complaint. (ECF No. 72). A review of the proposed Amended Complaint reveals no new allegations of law or fact and, thus, appears to be a duplicate filing of the Amended Complaint filed in this Court on January 15, 2015.[4] (See ECF No. 24). Accordingly, Cofield's Motion for Leave to File Amended/Supplemental Complaint (ECF No. 72) will be denied as moot.

The Court will now consider the merits of the Defendants' Motions to Dismiss or, Alternatively, for Summary Judgment.

**B. Standard of Review**

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007); see Fed.R.Civ.P.

[2] To the extent Cofield's Motion for Judgment on the Pleadings (ECF No. 81) requests a writ of mandamus seeking an order directing the Department of Justice to review his case, Cofield is not entitled to mandamus relief.

[3] On February 12, 2015, the Court issued an Order summarily denying a number of duplicative motions filed by Cofield on the same grounds as those discussed above. (See ECF No. 51).

[4] Cofield has failed to file a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-face type in compliance with Local Rule 103.6 (D.Md. 2014).

12(b)(6). "[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (alterations omitted)(quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotation marks omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Although documents "filed pro se [are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirements of liberal construction do not permit the Court to ignore a clear failure to allege facts establishing a federal claim, see Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

"When matters outside the pleading are presented to and not

excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998) (alteration in original) (quoting Fed.R.Civ.P. 12(b)) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

**B. Analysis**

**1. Statute of Limitations**

All of Cofield's claims, except for his malicious prosecution

claim, are barred by the applicable statute of limitations. There is no federal statute of limitations applicable to actions brought under 42 U.S.C. §§ 1983, 1985, 1988 (2012). See Burnett v. Grattan, 468 U.S. 42, 48 (1984). The Court, therefore, must apply the analogous statute of limitations of the state where the federal court sits. (See id.). Here, Cofield's claims are subject to the three-year-default statute of limitations created by Md.Code.Ann., Cts. & Jud. Proc. § 5–101. See Owens v. Okure, 488 U.S. 235, 241 (1989) (stating the "[s]tate's personal injury statute of limitations should be applied to all § 1983 claims."); see also Barnhill v. Strong, No. JFM 07-1678, 2008 WL 544835, at *2 (D.Md. Feb. 25, 2008) (establishing that, in Maryland, the common law claims for false arrest and imprisonment and related constitutional torts are subject to the default statute of limitations); see also Doe v. Archdiocese of Wash., 689 A.2d 634, 637 (Md.Ct.Spec.App. 1997) ("The Legislature has settled upon a three-year period of limitations as a reasonable time to bring suit in most cases.").

To the extent Cofield alleges state law causes of action for personal injury and intentional torts, those claims are all predicated upon the alleged misconduct committed by Officer Brown during Cofield's allegedly unlawful arrest on April 7, 2009.[5] The accrual date of a § 1983 cause of action is resolved by federal law. Wallace

[5] Actions for assault are subject to a one year statute of limitations. Md. Code Ann., Cts. & Jud. Proc. § 5-105. Thus, the statute of limitations on Cofield's claim of assault expired on April 7, 2010.

v. Kato, 549 U.S. 384, 388 (2007).

Under federal law, the running of the statute of limitations on false arrest and imprisonment begins when the alleged false detention or confinement ends. Id. at 389. Cofield complains that he was left in a holding cell for four to six hours after his unlawful arrest on April 7, 2009. He alleges no other period of confinement. Even assuming he was not released on April 7, 2009, Cofield was arraigned on April 20, 2009. (See Def.'s BPD and Batts's Mot. Dismiss or Summ. J. Ex. D ["Criminal Docket"] at 1, ECF No. 28-5). In the context of false arrest and imprisonment, the statute of limitations begins to run when the victim is held pursuant to the legal process. Wallace, 549 U.S. at 389.

Thus, the Court concludes that Cofield's claims accrued, at the latest, on April 20, 2009. Because the statute of limitations is three years, any accrued claim filed after April 20, 2012 is time-barred. Cofield filed this lawsuit on October 23, 2014. Consequently, all of Cofield's claims, with the exception of malicious prosecution, are untimely and must be dismissed.

**2. Malicious Prosecution**

To state a cause of action for malicious prosecution, a plaintiff must establish: "1) a criminal proceeding instituted or continued by the defendant against the plaintiff; 2) without probable cause; 3) with malice, or with a motive other than to bring the offender to justice; and 4) termination of the proceedings in favor of the plaintiff." Heron v. Strader, 761 A.2d 56, 59 (Md. 2000). Because a

necessary element of an action for malicious prosecution requires termination of the proceedings in the plaintiff's favor, the cause of action does not accrue until the proceedings brought against him are resolved in his favor, such that the criminal action cannot be revived. Owens v. Balt. City State's Attorneys Office, 767 F.3d 379, 390 (4th Cir. 2014), cert. denied sub nom., Balt. City Police Dep't v. Owens, 135 S.Ct. 1893 (2015).

Although Cofield alleges his case was favorably terminated, the record reflects that the charges against him were placed on the stet docket. (See Criminal Docket at 5). A stet is not a termination in favor of the accused because it allows the case to be recalled by the prosecution at any time. See Hines v. French, 852 A.2d 1047, 1057 (Md.Ct.Spec.App. 2004). Because the pleadings and factual documents before the Court establish that the fourth element for malicious prosecution cannot been satisfied, Defendants are entitled to summary judgment in their favor with respect to malicious prosecution (Count III). Accordingly, Defendants' Motions to Dismiss or, Alternatively, Motion for Summary Judgment (ECF Nos. 28, 48) will be granted and the BPD, Commissioner Batts, and Officer Brown will be dismissed.

**3. Motion to Reconsider**

Because Cofield's claims are time-barred and he cannot establish the necessary elements for malicious prosecution, the City Defendants' Motion to Reconsider the Court's Order Denying their Motion to Dismiss must be granted. Moreover, under Maryland law, Baltimore City police officers are state employees free from the City's supervision and

control. See Holloman v. Rawlings-Blake, No. CCB-14-1516, 2014 WL 7146974, at *4 (D.Md. Dec. 12, 2014). The City cannot be liable for negligence or an unconstitutional policy or custom as alleged by Cofield in this case because it is not responsible for exercising such supervision and control and sets no policy or custom that Baltimore City police officers execute.

Additionally, to the extent that Cofield seeks to hold the Mayor, City Council members, and City Board of Estimates members liable in their personal capacities, those claims similarly fail for analogous reasons. Moreover, Cofield does not allege any facts showing that Mayor Rawlings–Blake, or any of the City Council members, or City Board of Estimates members personally caused the harm alleged. Absent allegations that make plausible such a link, Cofield's claims against them in their personal capacities must be dismissed. Accordingly, the City Defendants' Motion to Reconsider the Court's Order Denying their Motion to Dismiss (ECF No. 58) will be granted and the City Defendants will be dismissed.

**4. Motion to Add Defendants**

Finally, on March 24, 2015, Cofield filed a Motion to Add Defendants seeking to add the State of Maryland and the Office of the Maryland Attorney General as parties to the case. (ECF No. 70). Because Cofield's claims are time-bared and he cannot establish the necessary elements for malicious prosecution, his claims against the State of Maryland and the Office of the Maryland Attorney General are futile. See Elrod v. Busch Entm't Corp., 479 F.App'x 550, 551 (4th

Cir. 2012) (indicating that it is within the Court's discretion to deny leave to amend where the proposed amendment would be unable to withstand a motion to dismiss). Accordingly, Cofield's Motion to Add Defendants (ECF No. 70) will be denied.

**III. CONCLUSION**

For the reasons given above, Cofield's Motion to Strike (ECF No. 52); Motion to Strike the Clerk's Rule 12/56 Letter (ECF No. 54); Motion for Summary Judgment (ECF No. 56); Motion to Vacate and/or Set Aside Order Dated February 12, 2015 (ECF No. 59); Motion for Judgment on the Pleadings (ECF No. 62); Motion to Add Defendants (ECF No. 70); Motion for Leave to File Amended/Supplemental Complaint (ECF No. 72); Motion for Remand (ECF No. 76) Motion for Summary Judgment (ECF No. 78), Motion for Judgment on the Pleadings (ECF No. 81), and Motion for Judgment on the Pleadings (ECF No. 86) are DENIED.

Defendants' Motions to Dismiss or, Alternatively, Motion for Summary Judgment (ECF Nos. 28, 48), and the City Defendants' Motion to Reconsider the Court's Order Denying their Motion to Dismiss (ECF No. 58) are GRANTED. All claims, with the exception of malicious prosecution, are DISMISSED with prejudice. The claim for malicious prosecution is DISMISSED without prejudice. A separate Order will follow.

Entered this 30th day of June, 2015

/s/

George L. Russell, III
United States District Judge